**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

National Association For The
Advancement of Colored People et al,

       *Petitioners*,

    v.

United States of America,

       *Respondent*.

Case No. 1:26-mi-01205-JPB

**UNITED STATES OF AMERICA'S REPLY IN SUPPORT OF
MOTION TO SUMMARILY DISMISS
OR, IN THE ALTERNATIVE, STAY PROCEEDINGS**

## INTRODUCTION

Litigants—including those like Petitioners who freely admit they have no interest in the underlying seized property—are increasingly attempting to use Rule 41(g) to collaterally attack and interfere with ongoing federal criminal investigations. This is unprecedented and inappropriate under binding caselaw. It is also damaging to the government's ability to investigate and pursue potential criminal activity. Entertaining frivolous and premature Rule 41(g) motions comes at a real cost. Responding to each of these motions diverts critical resources away from investigations, which is precisely Petitioners' goal.

If these sorts of motions are not swiftly denied, the Court should expect them to proliferate, forcing the government and the Court to undertake pre-indictment mini-trials for every important or high-profile search.

Petitioners' response demonstrates just how defective their Rule 41(g) motion is—and thus how deserving of summary dismissal it is. Most notably, Eleventh Circuit precedent requires a Rule 41(g) movant to have a possessory interest in the seized evidence, yet Petitioners never claim (let alone demonstrate) such an interest in the 2020 election records at issue here. Rule 41(g) itself confirms this requirement by stating that a successful movant is entitled to receive the subject property, yet Petitioners do not even claim they actually want to receive hundreds of boxes of election materials, or even an electronic copy of them. These

points are dispositive and require summary dismissal of their Rule 41(g) motion for lack of jurisdiction.

Petitioners' motion fails for several other reasons. First, they request a vague restriction on the United States's use of lawfully seized property, but such relief is not permitted under Rule 41(g), regardless of who makes the motion. Second, Petitioners lack standing to seek such relief anyway because they face no concrete, imminent injury. Their argument seems to be that the seized records might contain information about who voted in the 2020 election, which could yield information about who is on the voter rolls in 2026—but Petitioners glide past the fact that Fulton County's voter roll appears to be publicly available right now on the Georgia Secretary of State's website, for a small fee: https://sos.ga.gov/page/order-voter-registration-lists-and-files. Indeed, anyone can purchase the entire *State*'s voter roll for a mere $485. Given this, Petitioners face no injury at all (let alone one cognizable in this equitable cause of action) from the government's retention or search of the seized materials.

The Court lacks jurisdiction. It should summarily dismiss this case, or alternatively stay it.

## I.     THE COURT SHOULD SUMMARILY DISMISS THIS CASE FOR LACK OF JURISDICTION

### A.     Petitioners Have No Possessory Interest In, And Do Not Seek Return Of, The Property

Eleventh Circuit precedent is clear: "In order for one to receive relief under Fed. R. Crim. P. 41(g), the individual must have an ownership right to the property in question." *United States v. Howell*, 425 F.3d 971, 977 (11th Cir. 2005). That makes sense, because a Rule 41(g) motion is for "return [of] the property to the movant." Fed. R. Crim. P. 41(g). Petitioners do not seek return of the property or claim an ownership or possessory interest in the property. That is dispositive: their motion is facially defective, and it represents yet another attempt by litigants to score political points by using Rule 41(g) to interfere with and delay an ongoing criminal investigation.

Petitioners use out-of-context quotations to try to expand Rule 41(g) to a wide range of parties with nebulous concerns about seized property. For example, they argue that courts may grant Rule 41(g) relief in "situations not specifically covered by the Rule." Pets.' Opp. 7 (quoting *Hunsucker v. Phinney*, 497 F.2d 29, 34 (5th Cir. 1974)). But in *Hunsucker*, the court did "not doubt" that the movant "retain[ed] an interest" in the property at issue (and sought "return" of it)—but nevertheless found "no equitable consideration which would warrant invoking the anomalous jurisdiction." 497 F.2d at 34, 35. As that decision makes clear, even having a possessory interest and request for return of property are *insufficient* to

3

obtain Rule 41(g) relief. That does not in any way imply such an interest and request are *unnecessary*.

Petitioners also misrepresent Eleventh Circuit precedent noting that Rule 41(g) can be used to "safeguard[] [intervenors'] privacy." Pets.' Opp. 10 (quoting *In re Sealed Search Warrant*, 11 F.4th 1235, 1247 (11th Cir. 2021)). There again, the Court emphasized that "[t]he Intervenors clearly [sought] . . . the return of *their property*." 11 F.4th at 1245 (emphasis added). Petitioners' other scattershot authorities likewise do not suggest that a party with no possessory interest can seek to control how the United States may use seized evidence under Rule 41(g).[1]

Otherwise, Petitioners rely on out-of-circuit and unpublished decisions that merely reflect courts' ability to fashion equitable relief in the Rule 41(g) context *after* all other necessary factors have been satisfied. *See* Pets.' Opp. 8-10. But a court does not get to the step of fashioning equitable *relief* unless the movant satisfies the strict requirements for equitable *jurisdiction. See Trump v. United States*, 54 F.4th

---

[1] *See, e.g.*, *Harbor Healthcare Sys, L.P. v. United States* 5 F.4th 593, 597 (5th Cir. 2021) (movant asked court to "order the government to return all seized documents"); *United States v. Fed. Ins. Co.*, No. 23-438, 2024 WL 1714273, at *1 (9th Cir. Apr. 22, 2024) (movant sought "return of the money" that was seized); *Matter of Search of 624 NE 2nd St., McMinnville, OR*, 2019 WL 13074679, at *10 (movant sought "return" of evidence in addition to "more limited forms of relief"); *Black v. United States*, 172 F.RD. 511, 513 & n.1 (S.D. Fla. 1997) (after the government seized the movants' property, movants sought its return, then asserted they "were primarily concerned with the sealing of [privileged] information as opposed to the need to have it returned").

689, 697 (11th Cir. 2022); *see also* Pets.' Opp. 8 (appearing to acknowledge that a court can fashion relief "after" it determines it can "exercise[] equitable jurisdiction"). By suggesting that an unorthodox request for relief *itself* supports jurisdiction, Petitioners put the cart before the horse.

In any event, the text of Rule 41(g) contemplates "conditions" on relief for the benefit of the government, *i.e.*, "reasonable conditions to protect access to the property and its use in later proceedings." Fed. R. Crim. P. 41(g). It does not contemplate restrictions on how the government may use lawfully seized evidence—let alone restrictions crafted to benefit unrelated third parties. Indeed, as the advisory committee emphasized, the point of flexible Rule 41(g) relief is to "respect both possessory and law enforcement interests." Fed. R. Crim. P. 41 advisory committee's note to 1989 amendment. Petitioners have no possessory interest to respect. *See* Restatement (Second) of Torts § 216 (1965) (possessory interest requires physical control or the right to demand such control).

Their lack of possessory interest dooms Petitioners' Rule 41(g) motion. The Court therefore lacks equitable jurisdiction and should dismiss this case.

### B.   Petitioners Lack Standing

The Court lacks jurisdiction for the independent reason that Petitioners lack standing. *Stalley ex rel. United States v. Orlando Regional Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). Petitioners, who expressly do not challenge the

legality of the seizure, simply speculate that the government might misuse the records in some manner that somehow injures Petitioners. Their theory appears to be that the United States's purported seizure of voter rolls from the 2020 election in Fulton County is part of an effort to centralize confidential voter data and determine something (unclear what, exactly) about the *2026* voter rolls; Petitioners also invoke other, unidentified "worrie[s]." *See* Opp. 6.

Even if the seized materials did contain voter rolls, Petitioners face no injury because Fulton County's voter roll, indeed the entire State of Georgia's voter rolls, can be purchased by anyone willing to fork over a small fee to the Secretary of State.[2] So even if the "majority of the people on the voting rolls [in 2020] are still on now," Opp. 5 n.2, that proves nothing and certainly does not demonstrate any concrete injury—let alone a legally redressable one based on any supposed violation of "their First Amendment rights, including their rights to vote," *id.* at 3.

In any event, if the seized materials (whether they contain voter rolls or not) may contain evidence of a federal crime, the United States would have every right to investigate them regardless of Petitioners' ambiguous, speculative, and unidentified fears.

---

[2] *See* https://sos.ga.gov/page/order-voter-registration-lists-and-files.

Petitioners repeatedly chastise the government for not "provid[ing] any assurances" about how it will use the records. Opp. 13. The United States has no obligation to agree in advance how it might use evidence it has seized pursuant to a judicially authorized search warrant during a pending criminal investigation, let alone an obligation to do so in response to a frivolous motion brought by third parties. In any event, Petitioners' demands for assurances flip the standing inquiry on its head. "The party invoking federal jurisdiction bears the burden of proving standing." *Bischoff v. Osceola Cnty., Fla.*, 222 F.3d 874, 878 (11th Cir. 2000). Petitioners must show a concrete, non-speculative injury. *Id.* at 883. The government does not have to make statements or marshal evidence proving that Petitioners *lack* an injury. Petitioners have come nowhere close to carrying their burden. Accordingly, the Court should dismiss this case for lack of jurisdiction.

## II.   IN THE ALTERNATIVE, THE COURT SHOULD STAY THIS CASE

Although dismissal is clearly warranted, a stay would at least prevent the Court and parties from wasting even more resources on another improper Rule 41(g) motion. Petitioners' arguments against a stay are the same as their speculative arguments about harm and injury, discussed above. As with standing, Petitioners cannot rely on sheer speculation to oppose a stay.

The Court should not waste additional judicial or party resources on a facially defective pile-on motion.

7

## CONCLUSION

For these reasons, the Court should summarily dismiss this case or, alternatively, stay the case pending resolution of the petitioners' Rule 41(g) motion in *Pitts*. If the Court declines to dismiss or stay this case, the United States reserves all potential arguments in opposition to Petitioners' Rule 41(g) motion.

Respectfully submitted,

STANLEY E. WOODWARD, JR.
*Associate Attorney General*

/s/ THOMAS C. ALBUS
THOMAS C. ALBUS
*Special Attorney to the Attorney General and United States Attorney for the Eastern District of Missouri*
Missouri Bar No. 46224
Thomas Eagleton U.S. Courthouse
111 S. 10th Street, 20th Floor
St. Louis, MO 63102
(314) 539-2200

A. TYSEN DUVA
*Assistant Attorney General – Criminal Division*

R. TRENT MCCOTTER
*Associate Deputy Attorney General*

MICHAEL WEISBUCH
*Senior Counsel to the Associate Attorney General*

PETER L. COOCH
*Trial Attorney/Senior Counsel, Criminal Division*

8

## Certificate of Compliance

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing brief has been prepared using Book Antiqua, 13 point font.

*/s/* THOMAS C. ALBUS
THOMAS C. ALBUS
*Special Attorney to the Attorney General*
*and United States Attorney for the*
*Eastern District of Missouri*
