**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, *et al.*,<br>Petitioners,<br>v.<br>UNITED STATES OF AMERICA,<br>Respondent. | Case No. 1:26-cv-1205-JPB |

**MOVANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

The National Association for the Advancement of Colored People ("NAACP"), National Association for the Advancement of Colored People Georgia State Conference ("Georgia NAACP"), National Association for the Advancement of Colored People Atlanta ("NAACP Atlanta"), the Georgia Coalition for the People's Agenda ("GCPA"), and 2020 Fulton County voters Dontaye Carter and Tamara Orange (collectively, "Movants") respectfully provide the Court notice of supplemental authority supporting their pending Emergency Motion for Relief Under Rule 41(G). *See* ECF No. 1.

## I. *League of Women Voters v. U.S. Dep't of Homeland Sec.*

Last week, the United States District Court for the District of Columbia granted summary judgment against federal agencies that engaged in the "non-consensual disclosure of [personal identifying] information." Mem. Op. at *3,

*League of Women Voters v. U.S. Dep't of Homeland Sec.*, No. 1:25-CV-3501-SLS (D.D.C. June 22, 2026), ECF No. 111, *appeal filed*, No. 26-5243 (D.C. Cir. June 29, 2026), attached as Exhibit A. Specifically, in holding that the federal government violated the Privacy Act of 1974 and Social Security Act of 1935, the court recognized that the "'*unlawful*' 'collection, storage, and use' of private data 'qualifies as an invasion of a "private domain, much like an act of trespass would be"' and 'is closely analogous to historical claims for invasion of privacy.'" *Id.* at *28 (citing *Fox v. Dakkota Integrates Sys., LLC*, 980 F.3d 1146, 1155 (7th Cir. 2020). The court held that the federal government's use of information for voting purposes has a "real and immediate threat of repeated injury," especially when voters must take affirmative steps, such as the provision of additional information to election officials, to avoid the risk of harm in future elections. *Id.* at 34-36 (citing *Jibril v. Mayorkas*, 20 F.4th 804, 814 (D.C. Cir. 2021). The opinion is authority supporting the statutory privacy interests that Movants asserted regarding their personal identifying information in the voter files seized by the FBI. *See* Movants' Br. 16-18, ECF No. 1-1.

**II. Decisions in Voter Data Cases**

When Movants first petitioned this Court, only three district courts had rejected the Department of Justice's lawsuits to compel states to provide personal identifying information on voters. To date, eleven district courts and the Court of

Appeals for the Sixth Circuit reject DOJ's efforts to use legacy civil rights legislation to seize sensitive personal data within voter rolls. Mem. Order, *United States v. Scanlan*, No. 1:25-CV-371-JL (D. N.H. June 29, 2026), ECF No. 86, attached as Exhibit B; Mem. & Order, *United States v. Commonwealth of Pennsylvania*, No. 2:25-CV-1481-CB (W.D. Penn. June 27, 2026), ECF No. 146, attached as Exhibit C; *United States v. DeMarinis*, No. SAG-25-3934, 2026 WL 1780586 (D. Md. June 18, 2026); *United States v. Wisconsin Elections Comm'n*, No. 25-CV-1036-JDP, 2026 WL 1430354 (W.D. Wis. May 21, 2026); *United States v. Bellows*, No. 1:25-CV-468-LEW, 2026 WL 1430481 (D. Me. May 21, 2026); *United States v. Fontes*, No. CV-26-66-PHX-SMB, 2026 WL 1177244 (D. Ariz Apr. 28, 2026); *United States v. Amore*, No. 25-CV-639, 2026 WL 1040637-MSM-PAS (D. R.I. Apr. 17, 2026); *United States v. Galvin*, No. 25-13816-LTS, 2026 WL 972129 (D. Mass. Apr. 9, 2026); *United States v. Benson*, 819 F. Supp.3d 753 (W.D. Mich. 2026), *aff'd*, No. 26-1225, 2026 WL 1815425 (6th Cir. June 24, 2026); *United States v. Oregon*, No. 6:25-CV-1666-MTK, 2026 WL 318402 (D. Or. Feb. 5, 2026); *United States v. Weber*, 816 F. Supp. 3d 1168 (C.D. Cal. 2026).

Many of those decisions raise concerns about the potential abuse of sensitive information. For example, the Middle District of Pennsylvania raised that "[p]ublic statements from government officials reveal its intentions: to create a national

voter-database, for potential weaponization in future elections; as a 'fishing expedition,' hoped to advance unsubstantiated claims of non-citizen voting; and as a tool for immigration enforcement." Mem. & Order at *3, *United States v. Commonwealth of Pennsylvania*, No. 2:25-cv-01481 (W.D. Penn. June 27, 2026), ECF No. 146; *see also United States v. Oregon*, 2026 WL 318402 *13; *Weber*, 816 F. Supp. 3d at 1176.

### III. *California v. Trump*

Lastly, a recent opinion of the United States District Court of Massachusetts is also relevant to Movants' request for Rule 41(G) relief. It shows that the federal government has engaged in a consistent pattern of conduct seeking to misuse state and federal data on individual voters. On June 25, 2026, the court held that Section 2 of Executive Order 14399 is legally void as an ultra vires and unconstitutional exertion of executive power. *California v. Trump*, No. 1:26-cv-11581, 2026 WL 1826490, at *17 (D. Mass. June 25, 2026). Section 2 directed federal agencies to coordinate to compile lists of United States citizens to share with all states sixty days before a federal election. *Id.* at *12. The court held that no statutory or constitutional authority justified the compilation of federal information across agencies for the creation of such lists and that only states could determine voter eligibility requirements. *Id.* at *14. The court ruled further that "the Lists are being used as an enforcement mechanism that has some type of legal consequence, or at

minimum, as a threatened enforcement mechanism that will chill local election officials from complying with legal obligations to ensure that all eligible citizens may vote." *Id.* at *15.

Dated: July 2, 2026

Respectfully submitted,

/s/ Grace Thomas

Gerald Weber (GA Bar No. 744878)
Law Offices of Gerry Weber, LLC
Post Office Box 5391
Atlanta, Georgia 31107
Telephone: (404) 522-0507
wgerryweber@gmail.com

*Attorneys for Petitioners NAACP, Georgia NAACP, NAACP Atlanta, GCPA, Dontaye Carter, and Tamara Orange*

* *Admitted to practice pro hac vice*

Edward G. Caspar*
Leah Frazier*
Robert N. Weiner*
Jeffrey Blumberg*
Julie Houk*
Catherine Meza*
Marc Epstein*
Grace Thomas*
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street NW, Suite 900
Washington, D.C. 20005
ecaspar@lawyerscommittee.org
lfrazier@lawyerscommittee.org
rweiner@lawyerscommittee.org
jblumberg@lawyerscommittee.org
jhouk@lawyerscommittee.org
cmeza@lawyerscommittee.org
mepstein@lawyerscommittee.org
gthomas@lawyerscommittee.org
Telephone: (202) 662-8600
Facsimile: (202) 783-0857

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1, the undersigned counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1.

Dated this 2nd day of July 2026.

*/s/ Grace Thomas*
Grace Thomas

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2026, I electronically filed this document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

Dated this 2nd day of July 2026.

*/s/ Grace Thomas*
Grace Thomas