UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al.,

Petitioners,

v.

UNITED STATES OF AMERICA,

Respondent.

CIVIL ACTION NO.
1:26-CV-01205-JPB

## ORDER

This matter is before the Court on the United States of America's ("Respondent") Motion to Summarily Dismiss [Doc. 26].[1] This Court finds as follows:

## BACKGROUND

On January 28, 2026, after obtaining a search warrant, the Federal Bureau of Investigation seized over 600 boxes of Fulton County's 2020 election records. On

[1] The Request for Leave to File Sur-Reply [Doc. 29] is also before the Court. Because the motion is unopposed, it is **GRANTED**. See LR 7.1(B) ("Failure to file a response [to a motion] shall indicate that there is no opposition to the motion."). The Clerk is **DIRECTED** to docket the Sur-Reply in Opposition.

February 15, 2026, Petitioners[2] filed a Motion for Relief Under Rule 41(g).[3] [Doc. 1]. In the motion, Petitioners asked the Court to "order reasonable limitations on the government's use of the seized materials" because "[t]he seized records include confidential, personal voter information." Id. at 1–2. Specifically, Petitioners requested that the Court prohibit Respondent from using the seized materials for any purpose other than the criminal investigation described in the search warrant.[4] Id. at 2. Notably, Petitioners did not seek the return of any of the seized materials. On March 2, 2026, Respondent filed the instant Motion to Summarily Dismiss. [Doc. 26]. The motion is now ripe for review.

## DISCUSSION

Respondent contends that this matter should be summarily dismissed for lack of jurisdiction because the relief that Petitioners seek—something other than

[2] Petitioners include the National Association for the Advancement of Colored People, the National Association for the Advancement of Colored People Georgia State Conference, NAACP Atlanta, the Georgia Coalition for the People's Agenda, Dontaye Carter and Tamara Orange.

[3] Petitioners also filed a Motion for Emergency Consideration [Doc. 2]. In a related case, Petitioners were permitted, on an expedited basis, to present argument concerning their motion. The motion is thus **DENIED** as moot.

[4] By way of example, Petitioners asserted that Respondent should not be able to use the seized material for a national voter database, to purge state or local voting rolls or for immigration enforcement.

the return of the property to the movant—is not available under the plain language of Rule 41(g). The Rule states:

> **(g) Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

The Court is not persuaded that Rule 41(g) provides a vehicle for obtaining injunctive relief where the movant does not seek the return of property at all. Indeed, Rule 41(g) is titled "Motion to Return Property," and the Rule's operative language plainly states that if a movant is aggrieved by an unlawful search or deprived of property, the movant may "move for the property's return." Fed. R. Crim. Pro. 41(g). The Rule does not provide that an aggrieved person may seek restrictions or other injunctive relief without first moving for the return of property. Importantly, the Rule contains mandatory language that states that, if the motion is granted, "the court *must* return the property to the movant," subject to any reasonable conditions that the court may impose. Id. (emphasis added).

In this case, Petitioners do not seek the return of any of the seized materials. Instead, they ask the Court to "limit the government's use of the seized materials," "prohibit disclosure to the public or non-governmental organizations or

individuals" and mandate certain disclosures about the government's processes in reviewing the records. [Doc. 1-1, p. 26]. Because Petitioners have not sought the return of the seized materials, they have not properly invoked Rule 41(g) such that the Court may order the relief requested.

Petitioners contend that a court's authority to fashion relief under Rule 41(g) extends beyond "situations not specifically covered by the Rule." [Doc. 27, p. 7]. Certainly, this Court recognizes that Rule 41(g) provides that, if a court grants a Rule 41(g) motion, the court "may impose reasonable conditions to protect access to the property and its use in later proceedings." As the Advisory Committee explained in discussing the 1989 Amendments, this language "avoids an all or nothing approach whereby the government must either return records and make no copies or keep originals notwithstanding the hardship to their owner." The Advisory Committee went on to recognize that "reasonable accommodations might protect both the law enforcement interests of the United States and the property rights of property owners and holders." Fed. R. Crim. P. 41 advisory committee's note to 1989 amendment.

Contrary to Petitioners' arguments, however, the Court does not read the "may impose reasonable conditions" language as an independent grant of authority

to impose conditions or restrictions untethered to an order returning property.[5] Rather, the authority to impose "reasonable conditions" presupposes a request for the return of property and permits a court to tailor the manner and conditions of that return to accommodate competing interests. In the Court's view, this reading is consistent with the Rule's structure because the authority to impose reasonable conditions appears in the same sentence that mandates that courts must "return the property to the movant" if the motion is granted.

In sum, the plain language of Rule 41(g) compels the Court to conclude that the Rule can support injunctive relief when that relief is ancillary to—or necessary to effectuate—a request for return of property. But where, as here, the movant only requests injunctive relief without a request to return the property, Rule 41(g) simply does not apply.

---

[5] Petitioners contend that United States v. Korf, 11 F.4th 1235 (11th Cir. 2021), compels a different result. [Doc. 27, p. 10] (arguing that "the Eleventh Circuit has affirmed the district court's authority under Rule 41(g) to fashion relief to" to safeguard privacy. The Court disagrees. Korf is inapposite because the movants there "clearly" sought "only the return of their property." 11 F.4th at 1245. Notably, the injunctive relief at issue in Korf established a protocol for reviewing the seized materials for privileged information before their return. Thus, the injunctive relief was tied to the movants' request for the return of property. Korf never addressed whether Rule 41(g) authorizes injunctive relief where the movant does not also seek the return of any property.

## CONCLUSION

For the reasons explained above, Respondent's Motion to Summarily Dismiss [Doc. 26] is **GRANTED**. This action is **DISMISSED** without prejudice.[6] The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 19th day of August, 2026.

**J. P. BOULEE**
United States District Judge

[6] Jurisdictional dismissals are without prejudice. Dupree v. Owens, 92 F.4th 999, 1007 (11th Cir. 2024) ("Dismissals for a lack of jurisdiction are not judgments on the merits and are to be entered without prejudice.").